OPINION OF
CHIEF JUSTICE TURNER.
Two grounds are stated in the assignment of errors, for the consideration of the court:
1. — That the bond offered in evidence does not support the declaration' the bond alleged'in the declaration being averred to have been executed at the state of Mississippi, and county of Jefferson,- whereas the bond offered in evidence' was executed in the state of South Carolina;
2. — That the letter was improperly admitted to go to the ]ury, as evidence of a subsequent promise to take the case out of the statute of limitations.
The action is a debt on a bond, of which profert is made in the declaration. The defendant craved Oyer thereof, and it was given. The defendant thén filed a plea of payment, and a plea of the. statute of limitations; on both of which issues were joined to the country. The bond, and a letter from Turnbull to the plaintiff below, are spread upon the record. At the trial before the jury, a bill of exceptions was taken to the opinion of the court, admitting the letter to goto the jury, and in leaving it to the jury to say, from its tenor, whether it amounted to a subséquent acknowledgment of the debt, or not. A verdict and judgment were rendered in favor of the plaintiff below, and the defendant appealed.
As to the variance between the declaration and the bond, it might have been taken advantage of by demurrer, as the bond was made part of the declaration, on oyer being craved and given; and it might also have bee fi. objected to, when offered in evidence before the jury; but it was neither demurred nor objected to; and we think it too late now to take advantage of the variance. There is no danger of a second recovery on this bond, as it will always accompany the record; and the defendant having failed in taking the advantage of the variance, in the trial before the jury, or by demurrer, he comes too late now, with his objections thereto.
As to the second error assigned, we have no doubt that the court did not err, in leaving it to the jury to say whether the letter amounted to a subsequent promise. There are many decided casessimilar to this, wherd the expressions in a letter are doubtful, and where it is not certain to what *353 particular demand the letter may apply, the courts have left it to the jury b control the meaning of the writer, and to find the fact of its applicability to the case on trial. Judgment affirmed.